DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss, filed on July 30, 2009, requesting that the Complaint be dismissed.
A case management conference was held November 10, 2009. Ahmad Javaheri participated for Plaintiff; Leslie Cech appeared for Defendant. The court allowed time for the parties to submit additional optional comments; nothing was received. The record closed December 14, 2009.
This appeal concerns residential property identified as Account R222884. The Complaint lists two tax years: 2007-08 and 2008-09. No appeals were filed for either year with the Multnomah County Board of Property Tax Appeals (board). For 2007-08, Plaintiff requests a reduction in the real market value (RMV) from $606,660 to $400,000. For 2008-09, Plaintiff requests a RMV reduction from $618,330 to $400,000. The maximum assessed values are $401,030 for 2007-08 and $413,060 for 2008-09.
Oregon has a structured appeals system for taxpayers to follow when challenging the RMV assigned to their properties. The first step in the appeal process is to a county board. *Page 2 
Taxpayers are required to file appeals with the appropriate county board by December 31 of the current tax year. ORS 309.100(2).[1]
However, some situations occur that prevent a taxpayer from timely appealing to the county board. As a result, the legislature granted this court authority to review untimely appeals when the taxpayer establishes "good and sufficient cause" for not timely pursuing a statutory right of appeal. ORS 305.288(3).
ORS 305.288(3) states:
 "The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
(Emphasis added.)
ORS 305.288(5)(b) defines good and sufficient cause as follows:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
(Emphasis added.)
For each tax year, Plaintiff's representative stated that Plaintiff was unaware of the appeals process. That was not beyond her immediate control. *Page 3 
The second circumstance under which the court can hear a taxpayer's case is if it concludes there is a gross error. ORS 305.288(1) sets forth when the court shall order a correction under this approach. The statute states:
 "The tax court shall order a change or correction * * * to the assessment and tax roll for the current tax year or for either of the two tax years immediately preceding the current tax year * * * if all of the following conditions exist:
 "(a) For the tax year to which the change or correction is applicable, the property was or is used primarily as a dwelling * * *.
 "(b) The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent."
ORS 305.288(1) (emphasis added).
Here, the value range alleged by Plaintiff is greater than 20 percent. However, there is no appraisal information, sales comparisons, or other tender of valuation proof. On a review of the pleadings, there is no showing of a gross error. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this day of January 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on January7, 2010.
 The Court filed and entered this document on January 7, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1